UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RODNEY KNUCKLES, ) | Case No. 5:15CV2597 |
| Petitioner, ) | JUDGE JAMES G. CARR |
| v. ) | Magistrate Judge George J. Limbert |
| NEAL TURNER, Warden, ) | |
| NORTH CENTRAL CORRECTIONAL ) | **REPORT AND RECOMMENDATION** |
| INSTITUTION, ) | **OF MAGISTRATE JUDGE** |
| Respondent. ) | |

Pro se Petitioner Rodney Knuckles ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Petitioner seeks relief for alleged constitutional violations that occurred in conjunction with his Summit County, Ohio Court of Common Pleas conviction for burglary in one case and breaking and entering in another case. *Id.*; ECF Dkt. #7-1 at 18, 23. On December 7, 2015, Petitioner executed his federal habeas corpus petition and on December 14, 2015, the petition was filed. ECF Dkt. #1. On May 5, 2016, Respondent Neal Turner, Warden of the North Central Correctional Institution in Marion, Ohio ("Respondent"), where Petitioner was housed, filed an answer/return of writ. ECF Dkt. #7. On May 18, 2016, Petitioner filed a traverse to the answer/return of writ. ECF Dkt. #8.

On September 16, 2016, Petitioner filed a motion for summary judgment, and on February 28, 2017, Respondent filed a response to the motion for summary judgment. ECF Dkt. #s 9, 14.

On October 31, 2016, Petitioner filed a motion to grant him an evidentiary hearing. ECF Dkt. #10. Respondent filed a response to the motion on March 1, 2017, ECF Dkt. #15.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's federal habeas corpus petition in its entirety with prejudice for his failure to present a cognizable claim, which consequently renders his motion for summary judgment and motion for an evidentiary hearing MOOT. ECF Dkt. #s 1, 9, 10.

**I.    RELEVANT FACTUAL AND PROCEDURAL HISTORY**

    **A.    State Trial Court**

In its March 2010 term, the Summit County Grand Jury indicted Petitioner on one count of breaking and entering in violation of Ohio Revised Code ("ORC") § 2911.13(A) in Case Number CR 2010-04-1130. ECF Dkt. #7-1 at 13. A supplemental indictment was issued by the Summit County Grand Jury in its May 2010 term adding a second count of burglary in violation of ORC § 2911.12(A)(3), a third count of vandalism in violation of ORC § 2909.05(A), and a fourth count of possessing criminal tools in violation of ORC § 2923.24. *Id*. at 15.

On October 27, 2010, the trial court issued a journal entry indicating that Petitioner had entered a guilty plea to burglary, and the remaining counts of the indictment were dismissed at the request of the prosecution. ECF Dkt. #7-1 at 18. The trial court sentenced Petitioner to five years of imprisonment on the burglary conviction, which it suspended upon the condition that Petitioner complete two years of community control with specified sanctions. *Id*. The trial court also warned that if Petitioner violated community control, more restrictive sanctions would be placed on Petitioner, including a prison term of five years. *Id*. at 19. The trial court further indicated that if Petitioner would be sentenced to prison, he may be supervised on post-release control following his sentence for a discretionary period of up to three years. *Id.*

Petitioner did not appeal this conviction and sentence.

In its March 2012 term, the Summit County Grand Jury indicted Petitioner for breaking and entering in violation of ORC § 2911.13(A) in Case Number CR 2012-03-729. ECF Dkt. #7-1 at 21. In an April 24, 2012 journal entry, the trial court indicated that Petitioner was pleading guilty to breaking and entering. ECF Dkt. #7-1 at 23. The court sentenced Petitioner to two years of community control with specific sanctions, and notified Petitioner that if he violated community control or any law, one of the sanctions that the court could impose was a prison term of 12 months to be served concurrently with the sentence imposed in his prior case*. Id.* at 24. The court further advised Petitioner that if he was sentenced to prison, he would be subject to post-release control for a discretionary period up to 3 years. *Id.*

On April 13, 2012, the trial court issued a journal entry ordering a community control violation pretrial after the prosecutor and Petitioner, with counsel, was arraigned on violating the terms and conditions of community control. ECF Dkt. #7-1 at 25. On April 20, 2012, before the trial court, Petitioner, with counsel, entered a guilty plea in Case Number CR-2010-04-1130 to violating his community control conditions. *Id*. at 26. The trial court sentenced Petitioner to an additional two years of community control starting from April 17, 2012. *Id*. The court added a condition to the community control that Petitioner successfully comply with the terms and conditions of community control in Case Number CR 2012-03-729. *Id.* The court also notified Petitioner that if he violated community control conditions in the 2010 case, he may face up to five years of prison to be served concurrently with the sentence in Case Number 2012-03-729. *Id*.

Petitioner did not appeal this conviction and sentence.

On May 3, 2012, the trial court issued a journal entry ordering a capias to be issued for Petitioner as he had failed to comply with the terms and conditions of community control in Case Number CR 2012-03-729. ECF Dkt. #7-1 at 28. On June 25, 2012, Petitioner, through counsel, entered a guilty plea to violating the terms and conditions of community control in both Case Numbers CR 2010-04-1130 and CR 2012-03-729. *Id*. at 31. The court indicated that it had informed Petitioner of his hearing rights and the range of sentencing options available to the court for said violations. *Id*.

On July 3, 2012, the trial court revoked Petitioner's community control in Case Number CR 2010-04-1130 and sentenced him to 5 years of imprisonment. ECF Dkt. #7-1 at 32. The trial court also revoked Petitioner's community control in case Number CR 2012-03-729 and imposed a prison term of 12 months to run concurrently with Petitioner's sentence in the other case. *Id*. at 34-35.

Petitioner did not appeal these sanctions.

### B.      Motion to Withdraw Guilty Plea in 2010 Case

On September 26, 2012, Petitioner, pro se, filed in the trial court a motion to withdraw his guilty plea in the above case. ECF Dkt. #7-1 at 37. Petitioner asserted that the trial court erred in accepting his guilty plea to burglary because it failed to inform him that he would be subject to a definite sentence of prison if he violated community control. *Id*. at 38. He concluded that his guilty

-3-

plea was therefore not knowingly or intelligently made. *Id.* The State of Ohio filed a response and Petitioner filed a motion for summary judgment. *Id*. at 43-47.

On January 23, 2013, the trial court denied Petitioner's motion to withdraw his plea, finding first that Petitioner was informed that the court could impose more restrictive sanctions on him for a violation of community control, including a prison term of five years. ECF Dkt. #7-1 at 48-49. The trial court alternatively found that res judicata barred Petitioner's motion because the error that Petitioner complained of was apparent on the face of the record and therefore could have and should have been raised at that time. *Id*. at 49.

On February 15, 2013, Petitioner pro se filed in the Ninth District Court of Appeals a notice of appeal of the trial court's denial of his motion to withdraw his guilty plea. ECF Dkt. #7-1 at 50. He asserted the following one assignment of error:

> The trial court erred and abused its discretion in denying Appellant's Motion to Withdraw Guilty Plea and not granting an evidentiary hearing, stating Appellant had not established manifest injustice.

*Id*. at 52. Petitioner thereafter filed a statement to the Ohio appellate court that no transcript was necessary for his appeal. *Id*. at 60. The State of Ohio filed a motion to strike Petitioner's appeal because it did not comply with a Local Rule of the Ninth District Court of Appeals. *Id*. at 69-70. On April 16, 2013, the Ninth District Court of Appeals agreed that Petitioner's appellate brief did not comply with its Local Rule concerning general requirements for appellate briefs and appendicies. *Id*. at 71-73. The court struck Petitioner's brief and ordered Petitioner to file a compliant brief on or before April 29, 2013 or the appeal would be dismissed. *Id*. at 73.

On April 22, 2013, Petitioner pro se filed an appellate brief and asserted the following assignment of error:

> The trial court erred and abused its discretion in denying Appellant's motion to withdraw guilty plea and evidentiary hearing.

ECF Dkt. #7-1 at 75-87. The State of Ohio filed an appellate brief and Petitioner filed a reply brief, although the appellate court struck the reply brief as non-compliant with its Local Rules. *Id*. at 88-112. On September 25, 2013, the Ohio appellate court applied res judicata to bar Petitioner's argument because he could have raised the issue on direct appeal but did not do so. *Id*. at 115.

The appellate court also noted that Petitioner failed to provide it or the trial court with transcripts of his plea hearing in order for the court to determine if a manifest injustice existed. *Id*. at 116.

### C.     Motion to Correct Improper Sentence Pursuant to Crim. R. 36

On October 24, 2012, Petitioner filed a motion to correct his sentence in Case Number CR 2010-04-1130. ECF Dkt. #7-1 at 118. He asserted that the sentence by the trial court in 2012 was improper because it exceeded the statutorily defined penalties established in ORC § 2929. *Id*. The State of Ohio filed a response brief and Petitioner filed a reply. *Id*. at 122-130.

On February 15, 2013, the trial court denied Petitioner's motion, finding that it had actually imposed the 5-year imprisonment term in October 2010, but suspended it provided that Petitioner complied with community control conditions and then the court reimposed the 5-year sentence when Petitioner failed to so comply. ECF Dkt. #7-1 at 131-133. The court alternatively held that res judicata barred Petitioner's motion as he could have raised this issue in his motion to withdraw his guilty plea. *Id*. at 133.

Petitioner filed a notice of appeal of the trial court's denial of his motion to the Ninth District Court of Appeals on March 11, 2013. ECF Dkt. #7-1 at 134. He also filed a statement that no transcript of proceedings was necessary. *Id*. at 136. In his appellate brief, Petitioner raised the following assignment of error:

> The trial court erred and abused it's[sic] discretion and did not comply with the statutory requirementswhen[sic] it imposed a prison term for a violation of community control on 6/26/2012.

*Id.* at 137-139. The State of Ohio filed an appellate brief and Petitioner filed a reply brief. *Id.* at 144-165.

On September 18, 2013, the Ohio appellate court affirmed the trial court's denial of his motion to correct improper sentence. ECF Dkt. #7-1 at 166. The court applied *res judicata* noted that Petitioner did not appeal from the July 3, 2012 journal entry revoking his community control and sentencing him to 12 months of imprisonment for breaking and entering and 5 years of imprisonment for burglary. *Id*. at 167.

On July 1, 2014, Petitioner pro se filed an appellate brief in the Ninth District Court of Appeals. ECF Dkt. #7-1 at 170-178. He asserted as an assignment of error that his sentenced was

contrary to law because the trial court failed to consider a presentence investigation report ("PSR") before sentencing him to two years of community control. *Id*. On July 3, 2014, the Ohio appellate court struck Petitioner's brief, explaining that the appeal upon which it was based was terminated on September 18, 2013. *Id*. at 179.

### D.  Motion for Violation of Substantial Rights

On August 15, 2013, Petitioner filed a motion for violation of substantial rights pursuant to ORC § 2929.19(b)(5) and plain error under Rule 52(b) of the Federal Rules of Criminal Procedure. ECF Dkt. #7-1 at 180. He filed this motion in the trial court. *Id*. He asserted as an assignment of error that the trial court violated his substantial rights when it imposed a prison sanction for a community control sanction without providing proper notice of such at the sentencing hearing. *Id*. at 181-183. The State of Ohio filed a memorandum in response. *Id*. at 191-192.

On October 2, 2013, the trial court issued an order denying Petitioner's motion based upon *res judicata* because the error he alleges was apparent on the face of the record and he could have raised the issue on direct appeal of the July 3, 2012 judgment entry. ECF Dkt. #7-1 at 196.

Petitioner did not appeal from this order.

### E.  State Writ of Habeas Corpus

On November 18, 2013, Petitioner filed a state habeas corpus petition in the Fifth District Court of Appeals. ECF Dkt. #7-1 at 378. Petitioner asserted that the trial court erred by failing to comply with ORC § 2953.03(A) and Rule 32.2 of the Ohio Rules of Criminal Procedure by not ordering or considering a presentence investigation report. *Id.* at 380.

On January 21, 2014, the Fifth District Court of Appeals dismissed the filing, finding that sentencing errors were not cognizable in habeas corpus and even if he was challenging his burglary conviction, Petitioner remained incarcerated on at least one other valid sentence which he did not challenge, therefore rendering him not entitled to a writ of habeas corpus. ECF Dkt. #7-1 at 395. The court issued a nunc pro tunc entry on February 10, 2014. *Id*. at 400-402.

### F.  Petition for Post-Conviction Relief Pursuant to ORC §§ 2953.21 and 2953.23

On February 11, 2014, Petitioner filed a state post-conviction relief petition in the trial court asserting the following:

-6-

> Judgment of conviction and sentence are "void" for failure of the court to comply with the mandatory statute requirements of R.C. §2051.03(A)(1); and Crim. R. 32.2 when it imposed a sentence for community control sanction without first ordering and considering a presentence investigation report a violation of the 5th and 14th Amendment[sic] of the U.S. Constitution.

ECF Dkt. #7-1 at 197-200.  The State of Ohio filed a response brief.  *Id*. at 204-207.  Petitioner thereafter filed a motion for summary judgment.  *Id*. at 207-211.

On June 12, 2014, the trial court denied Petitioner's post-conviction relief petition and his motion for summary judgment, finding that the petition was untimely filed and Petitioner provided no claims that would meet the requirements for otherwise considering his post-conviction relief petition despite its untimeliness.  ECF Dkt. #7-1 at 214-217. The court also found that res judicata barred Petitioner's claim.  *Id*.

### G.   Motion for Re-Sentencing Pursuant to H.B. 86, R.C. 1.58(B)

On July 22, 2014, Petitioner filed a motion in the trial court for resentencing based upon changes in the sentencing statute that occurred after his conviction in 2010. ECF Dkt. #7-1 at 218-221.  The State of Ohio filed a response and Petitioner filed a reply. *Id.* at 229-234.

On October 16, 2014, the trial court issued an order denying Petitioner's motion for resentencing based upon collateral estoppel and the law of the case.  ECF Dkt. #7-1 at 241.

### H.   Motion to Vacate Void Sentence

On September 23, 2014, Petitioner filed in the trial court a motion to vacate a "void" sentence. ECF Dkt. #7-1 at 242-245. He asserted that the trial court erred in imposing community control sanctions without first ordering and considering a PSR in violation of statutes, which rendered his sentence void*. Id.* The State of Ohio filed a response and Petitioner filed a reply brief. *Id.* at 251-259.

On October 9, 2014, the trial court issued an order denying Petitioner's motion, finding that *res judicata* barred the motion.  ECF Dkt. #7-1 at 261-262.

Petitioner filed an appeal of the trial court's order on November 3, 2014, and in his appellate brief, Petitioner asserted the following assignments of error:

> I.   The Trial Court erred when it violated the required statutory sentencing mandates pursuant to R.C. 2951.03 (A)(1) and Crim. R. 32.2 when it placed Appellant on community control without first ordering and concerding[sic]

-7-

> > a pre-sentence investigation report.
>
> II. The Trial Court erred and abused its discretion when it denied Appellant's Motion to Vacate Void Sentence by Res-Judicata and Collateral Estoppel.

ECF Dkt. #7-1 at 265-269.  The State of Ohio filed an appellate brief and Petitioner filed a reply brief.  *Id*. at 277-293.  Petitioner filed a "Brief for Findings of Appeals Pursuant to R.C. sec 2953.08 (G)(2)(B) and the appellate court struck this brief as not authorized under the Ohio Rules of Appellate Procedure.  *Id*. at 299-308.

On July 15, 2015, the Ohio appellate court overruled Petitioner's assignments of error, finding that the trial court's violation of not ordering a PSR made the sentences voidable but not void and thus his claims were barred by res judicata because Petitioner was required to challenge his sentences on direct appeal.  ECF Dkt. #7-1 at 309-314.

On July 31, 2015, Petitioner filed an appeal to the Ohio Supreme Court and asserted the following propositions of law in his memorandum in support of jurisdiction:

> 1. The trial court erred when it violated the statutory sentencing mandates pursuant to R.C. 2951-.03(A)(1), and Crim. R. 32.2, when it place[sic] Appellant on a community control sanction without first ordering and considering a presentence investigation report.  Therefore, the sentence is void pursuant to State v. Beasley, 471 N.E.2d 774; and State v. Simpkins, 2008-Ohio-1179.  The sentence did not comport with mandatory provisions.  On 10-9-2014 the trial court denied the motion by res judicata.
>
> 2. Appellant filed an appeal on the issue pursuant to R.C.2953.08(A)(4, that the sentence is contrary to law, therefore, "void," pursuant to Ohio Supreme Court ruling in State v. Amos, 2014-Pjop-3946, for the courts[sic] failure to first order and consider a presentence investigation report before placing appellant on a community control sanction.  The Ninth District Appellate Court stated: the sentence is contrary to law but not "void," therefore, it is barred by res judicata.  See Journal Entry attached.

ECF Dkt. #7-1 at 317-323. The State of Ohio waived the filing of a response.  *Id*. at 354.

On November 10, 2015, the Ohio Supreme Court declined to accept jurisdiction over Petitioner's appeal and dismissed the appeal.  ECF Dkt. #7-1 at 353.

### I.  **Motion to Vacate Sentence**

On January 8, 2015, Petitioner pro se filed a motion to vacate his sentence in the trial court. ECF Dkt. #7-1 at 367.  He asserted that the trial court disregarded Ohio Senate Bill 2 and various Ohio statutes by imposing both a prison term and two years of community control.  *Id.*

-8-

### J. Application for Delayed Reconsideration, Pursuant to App.R. 26 and App.R. 14(B)

On November 2, 2015, Petitioner pro se filed the above application, but captioned the filing with trial court case numbers, so it ended up in the trial court. ECF Dkt. #7-1 at 354. Petitioner asserted that he received the ineffective assistance of trial counsel and the trial court erred by not advising him of his right to a direct appeal with the aid of counsel. *Id*. at 354-358.

Petitioner thereafter filed a "Motion for Consequences of Failure to File Brief Pursuant App.R. 18(C), which he filed in the Ohio appellate court. ECF Dkt. #7-1 at 363-365. Respondent asserts that the court had yet to rule on the matter at the time of his filing of the instant Return of Writ, but the docket of the Ohio appellate court indicates that the appellate court issued a journal entry on March 10, 2016 declining Petitioner's motion. *See* Case number CA-27571 in https://www.cpclerk.co.summit.oh.us/Dockets.asp. The Ohio appellate court indicated that it declined the motion to correct and reverse its judgment because the State of Ohio had filed a response to his application for delayed reconsideration because no application for reconsideration or reopening was in its court. *Id*. Rather, the court noted that it had been filed in the common pleas court. *Id.* The court also noted Petitioner's representation that his application was based upon an Ohio Supreme Court case addressing the ineffective assistance of appellate counsel, but Petitioner was pro se on appeal so the Ohio case did not apply. *Id.*

### K. Motion to Vacate Sentence

The criminal docket in the trial court shows that on December 19, 2016, Petitioner pro se filed another motion to vacate void sentence in the trial court. See Case Number CR-2010-04-1130 in Summit County Clerk of Courts, http://www.cpclerk.co.summit.oh.us/CaseDetails.asp?CaseID. Petitioner asserted that the court should vacate his void sentence based upon the Ohio cases of State v. Klein, 2016-Ohio-5315 and State v. Amos, 2014-Ohio-3160. *Id.* The State of Ohio filed a response and on January 11, 2017, the trial court issued an order denying Petitioner's motion, noting that the same motion had been ruled upon previously and the State v. Klein case that he relied upon was not the law upon which the court would rely, but the Ninth District Court of Appeals was the proper jurisdiction for the trial court to follow. *Id*. It appears that Petitioner thereafter filed a

motion to certify a conflict to the Ohio appellate court, which the court struck.  *Id.*

## II.     28 U.S.C. § 2254 PETITION

On December 7, 2015, Petitioner pro se executed the instant petition for a writ of federal habeas corpus, which was filed with the Court on December 14, 2015.  ECF Dkt. #1.  Petitioner raises the following ground for relief:

> GROUND ONE:
>
> The trial court and appeals court violated the statutory sentencing mandates pursuant to R.C. 2951.03(A)(1) and, Crim. R. 32.2, when it place[sic] petitioner on community control sanction "without first ordering and concerding[sic] a presentence investigation report.
>
> (2) The appeals court erred when it denied this sentence that is contrary to law pursuant to RC.2953.08(A)(4), for the violation of R.C. 2951.03(A)(1) and Crim. R. 32.2, by res judicata as being a (voidable) sentence when it [i]s a (void) sentence.

*Id*. at 5.  Respondent filed an answer/return of writ on May 5, 2016.  ECF Dkt. #7.  Petitioner filed a traverse on May 18, 2016.  ECF Dkt. #8.

On September 16, 2016, Petitioner filed a  for summary judgment and Respondent filed a response brief on February 28, 2017.  ECF Dkt. #s 9, 12, 14.

On October 31, 2016, Petitioner filed a motion to grant an evidentiary hearing pursuant to Rule 8 of the Rules Governing Federal Habeas Corpus Petitions.   ECF Dkt. #10. Respondent filed a brief in opposition on March 1, 2017.  ECF Dkt. #15.

## III.    PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.     Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not at

-10-

issue in this case.

### B.     Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987). To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). Further, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims. *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law. *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004), quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993) cert. denied, 509 U.S. 907 (1993)(quotation omitted).

The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.     Procedural Default

The procedural default doctrine serves to bar review of federal claims that a state court has

-11-

declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986). Under the *Maupin* test, a reviewing court must decide:

> (1) whether the petitioner failed to comply with an applicable state procedural rule;
>
> (2) whether the state courts actually enforced the state procedural sanction;
>
> (3) whether the state procedural bar is an "adequate and independent" state ground in which the state can foreclose federal review; and
>
> (4) if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006). The question of whether a state procedural rule was "firmly established and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986). A petitioner can also show that a fundamental miscarriage of justice will occur if the Court does not address his procedurally defaulted ground for relief. *Schlup v. Delo*, 513 U.S. 298, 321, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court described the fundamental miscarriage of justice exception as follows:

> To ensure that the fundamental miscarriage of justice exception would remain "rare" and would only be applied in the "extraordinary case," while at the same time ensuring that the exception would extend relief to those who were truly deserving,

> the Court explicitly tied the miscarriage of justice exception to the petitioner's innocence.

*Id.*

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

### IV.   STANDARD OF REVIEW

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, well after the act's effective date of April 26, 1996. *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998). Under Section 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus. The AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254(d) and stated:

-14-

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Furthermore, the Supreme Court declared that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

## V. ANALYSIS

Respondent asserts that the Court should dismiss Petitioner's federal habeas corpus petition because he has not properly presented his claim to the Ohio courts and still has the opportunity to do so and/or his claim is not cognizable in federal habeas corpus.

### A. NONCOGNIZABILITY

Respondent asserts that Petitioner has failed to assert a federal constitutional violation as required by 28 U.S.C. § 2254(a). ECF Dkt. #7 at 16–18. The undersigned agrees and recommends that the Court find that Petitioner's ground for relief does not state a federal constitutional violation and is therefore noncognizable before this Court.

A federal court may issue a writ of habeas corpus only on the grounds that the petitioner's confinement violates the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal habeas corpus court "may not issue the writ on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d at 614. " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id.*

-15-

(quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988).

In this case, Petitioner's ground for relief alleges that the trial court violated an Ohio statute, ORC § 2951.03(A)(1), and an Ohio Rule of Criminal Procedure, Rule 32.2, when the trial court failed to order and consider a PSR before imposing a community control sanction. ECF Dkt. #1 at 5. Petitioner further asserts that the Ohio appellate court erred when it denied that the trial court's sentence was contrary to law under the Ohio statute, ORC § 2953.08(A)(4) and Rule 32.2 of the Ohio Rules of Criminal Procedure. *Id.* A state court's failure to follow its own rules is not cognizable in federal habeas corpus unless those failures constitute a violation of due process. *Smith v. Anderson*, 632 F.3d 277, 281 (6th Cir. 2011). Petitioner relies solely upon Ohio statutory and criminal rules in alleging that the state trial court failed to first obtain a PSR before imposing a community control sanction and the Ohio appellate court failed to correct the error. Petitioner's claim therefore "fails to present an issue of federal constitutional magnitude." *See Dukes v. Jenkins*, No. 1:14CV545, 2015 WL 4624247, at *10 (S.D. Ohio July 31, 2015), unpublished, Report and Recommendation adopted by 2015 WL 534632 (S.D. Ohio Sept. 15, 2015); *Roberts v. Robinson*, No. 2:12CV371, 2012 WL 6725597, at *7 (N.D. Ohio Dec. 27, 2012), Report and Recommendation adopted by 2013 WL 461172 (N.D. Ohio Feb. 6, 2013). Moreover, Petitioner presents no argument that the error resulted in a denial of fundamental fairness or due process.

For the foregoing reasons, the undersigned recommends that the Court find that Petitioner has presented no federal constitutional violation and his sole ground for relief is not cognizable before this Court.

### B.     **EXHAUSTION**

Respondent also asserts that Petitioner has failed to properly present his sole ground for relief and can still return to the Ohio courts in order to do so. ECF Dkt. #7 at 14-16. Respondent concedes that the Ohio trial court should have ordered and considered a PSR. *Id*. at 15. However, Respondent explains that despite his many state court filings, Petitioner failed to file the one action that he needs to file in order to properly present the instant ground for relief to the Ohio courts: a motion for leave to file a delayed appeal with the Ninth District Court of Appeals pursuant to Rule

5(A) of the Ohio Rules of Appellate Procedure.  *Id*.

Since the undersigned recommends that the Court dismiss Petitioner's federal habeas corpus petition with prejudice because he fails to present a cognizable claim, the undersigned will not address Respondent's exhaustion assertion.  Even if Petitioner had exhausted his sole ground for relief, the undersigned would nevertheless recommend that the Court find that his claim is not cognizable before this federal habeas corpus Court.

## **VI.**     **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition in its entirety with prejudice.  ECF Dkt. #1.  Moreover, based upon the instant Report and Recommendation, the undersigned DENIES AS MOOT Petitioner's motion for summary judgment and finds no need for an evidentiary hearing and therefore DENIES Petitioner's motion for an evidentiary hearing.  ECF Dkt. #s 9, 10.


DATE:   July 26, 2017                           */s/ George J. Limbert*
                                                GEORGE J. LIMBERT
                                                UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).